# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| WILLIAM LINDALA, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> v.<br><br>MCCARTHY BURGESS & WOLFF INC.,<br><br>   Defendant. | Case No.: 20-cv-1080<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff William Lindala is an individual who resides in the Eastern District of Wisconsin (Washington County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Defendant McCarthy, Burgess & Wolff, Inc. ("McCarthy") is a debt collection agency with its principal offices located at 26000 Cannon Rd., Cleveland, OH 44146.

6. McCarthy is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. McCarthy is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. McCarthy is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or about November 12, 2019, McCarthy mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Credit First, N.A. – Tires Plus (Gold)." A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, the alleged debt that McCarthy was attempting to collect was incurred by use of a store-branded credit card, used exclusively for the purchase of personal, family, or household items, specifically automobile service and items from a "Tires Plus" auto service store. https://www.tiresplus.com/.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by Defendant to attempt to collect alleged debts.

13. Upon information and belief, Exhibit A is the first written communication that Defendant sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

14. Exhibit A includes a statement which largely reflects the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

2

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request made within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

15. Exhibit A also contains the following settlement offers:

> The above account has been placed with our office for collection activity. We would like to offer you the opportunity to select one of the following options to resolve your account. Please be advised, we are not obligated to renew this offer.
> Option #1: One (1) lump sum payment of $971.38 due 45 days from the date of this letter.
> Option #2: Three (3) monthly payments of $373.61, each, for a total amount to be paid of $1,120.83 The first payment is due 45 days from the date of this letter, with each subsequent payment due every 30 days thereafter.

16. Specifically, "Option 2" contains the following payment schedule: "The first payment is due 45 days from the date of this letter, with each subsequent payment due every 30 days thereafter."

17. Although Exhibit A clearly states the due date for the first payment, it is impossible to determine when subsequent payments are due.

18. Exhibit A states that the first payment is due "45 days from the date of this letter," and that the second payment is due "30 days thereafter" but it is unclear whether the second payment is due 30 days after receipt of the first payment or 30 days plus 45 days after November 12, 2019, which would be January 26, 2020.

19. For example, if a consumer mailed the first payment on November 30, 2019, the consumer would not be able to determine whether the second payment would be due on December 30, 2020 (30 days after the first payment was mailed) or January 26, 2020 (30 days after 45 days from the date of Exhibit A).

20. The due dates of payments are, by definition, material terms of the settlement offer and must be communicated clearly and effectively. *E.g., Nichols v. Northland Groups, Inc.*, 2006 U.S. Dist. LEXIS 15037, at *19 (N.D. Ill. Mar. 31, 2006) ("Requiring a clear statement of the settlement proposal, including the method by which the settlement amount is calculated, will not interfere with the debt collector's freedom to negotiate."); *Al v. Van Ru Credit Corp.*, 2018 U.S.

3

Dist. LEXIS 70321, at *7-8 (E.D. Wis. Apr. 26, 2018) (in the context of settlement offer expiration dates, "ambiguity itself can prove a violation.") (quoting *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686-87 (7th Cir. 2017)); *see also, Smith v. Nat'l Enter. Sys., Inc.*, 2017 U.S. Dist. LEXIS 47701, at *13 (W.D. Okla. Mar. 30, 2017) (collection letter violated the FDCPA because "[a]ny consumer receiving the first letter would be left to wonder about a material term of the offer[.]"); *Dixon v. Law Office of J. Scott Watson P.C.*, 2018 U.S. Dist. LEXIS 18184, at *10-11 (E.D. Penn. Feb. 5, 2018) (settlement offer that specified initial installment amounts but left open the amount of later installments violated the FDCPA).

21. There are potential consequences for missing the ambiguous deadline in Exhibit A. "Option 2" in Exhibit A offers a settlement of the account at 75 percent of the total balance amount. Using Plaintiff's account as an example, missing the deadline (whatever the deadline is) could cost the consumer almost $500. On the other hand, a consumer's mistaken impression that she needed to tender the second payment before it was actually due could cause the consumer to make incorrect decisions about how to prioritize debt payments. *See, e.g., Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 368 (7th Cir. 2018) (observing that unsophisticated "consumers must often make difficult decisions about how to use financial resources").

22. Plaintiff was misled and confused by Exhibit A.

23. The unsophisticated consumer would be misled and confused by Exhibit A.

### *The FDCPA*

24. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to

4

protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("Spuhler I") ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes … do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021,

5

2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lanev. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

26. Misrepresentations of the character, amount, or legal status of any debt and misrepresentations as to the proper party to pay, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.*, 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist.

6

LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Encore Receivable Management, Inc.*, 18-cv-1484-WED, 2019 U.S. Dist. LEXIS 134377 (E.D. Wis. Aug. 9. 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

27. 15 U.S.C. § 1692e generally prohibits: "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(5) specifically prohibits: "the threat to take any action that cannot legally be taken or that is not intended to be taken."

29. 15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. 15 U.S.C. § 1692g(b) states, in relevant part:

7

Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

## COUNT I – FDCPA

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. <u>Exhibit A</u> misrepresents the deadline for the second payment under settlement "Option 2."

33. The deadline for subsequent payments under settlement "Option 2" is confusing and misleading.

34. The unsophisticated consumer would be confused as to the due date for subsequent payments under the "Option 2."

35. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

## CLASS ALLEGATIONS

36. Plaintiffs bring this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between June 16, 2019 and June 16, 2020, inclusive, (e) that was not returned by the postal service.

37. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

38. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The

predominant common question is whether the Defendants complied with 15 U.S.C. § 1692e, 1692e(5), and 1692e(10).

39. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

41. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

42. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 16, 2020

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000

(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com